**Annie Gross, Executrix of the Estate of Joseph Gross, Deceased, Appellee, v. Rudolph Wolfner, Appellant.**

## Gen. No. 27,265.

LANDLORD AND TENANT—*sufficiency of notice to quit.* A notice to quit given by the landlord to the lessee reading: "I hereby notify you that the lease on the second apartment * * * which you now occupy expires on the 30th day of April, 1921. This notice is in accordance with the 60 days clause in said lease," signed by the landlord, is sufficient to terminate the lease although there is added thereof a notation indicating that if the lessee desires the lease may be renewed for an additional rent.

Appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed November 29, 1922.

CHARLES R. YOUNG and RUDOLPH WOLFNER, *pro se,* for appellant.

MORRIS A. WEINBERG and WILLIAM C. GREATMAN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against the defendant to recover possession of the second flat of the building known as 5447 Cornell avenue, Chicago. The case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor, to reverse which the defendant prosecutes this appeal.

The record discloses that defendant had rented from the plaintiff under a written lease the premises in question from the first day of May, 1919, until April 30, 1921, at a rental of $70 per month. By the terms of the lease the premises were rented "from the first day of May, A. D. 1919, until the thirtieth day of April, 1921, provided sixty days' written notice is given lessor by lessee of lessee's intention to terminate this lease on said last mentioned date, otherwise this lease, including all covenants and conditions therein, shall continue from year to year until terminated by like notice in some ensuing year. Lessor is entitled to terminate this lease upon like notice to lessee at like dates, by mailing said notice to the within mentioned premises addressed to said lessee." The defendant entered into the premises under the lease and was in occupancy at the time of the trial. On February 14, 1921, plaintiff mailed to defendant the following notice:

"I hereby notify you that the lease on the second apartment, 5447 Cornell avenue, Chicago, Illinois, which you now occupy expires on the 30th day of April, 1921.

'This notice is in accordance with the 60 days clause in said lease.

Yours truly,

Annie Gross.

"The rent will be the same as for the apartment above you."

The defendant testified in his own behalf that on March 2, 1921, he was called on the telephone by plaintiff and after some conversation concerning the premises in question and the sufficiency of the notice, he stated to the plaintiff that the notice was not a proper legal notice to quit or to terminate the tenancy; that plaintiff replied, "I have the notice before me; in what respect is it not proper?"; that the witness stated that he did not care to discuss the matter with plaintiff but that he would rather discuss it with plaintiff's lawyer; that there was some further conversation as to a proposition made to him by plaintiff concerning the matter; that in this connection plaintiff said, "I am not open to that proposition; I am getting $175 a month for the flat next to the third flat above you and would not take less than $175 per month for the flat which you now occupy"; that the witness stated, "I won't pay any such sum for that flat."

The only reason why defendant contends the judgment is wrong is that the notice given by plaintiff and above set forth was not sufficient to terminate the lease, and in this connection it is said that a notice to quit or to terminate a lease must be definite and specific and not equivocal or conditional. A great many authorities are cited and discussed, and from them the conclusion is drawn that the notice in question was insufficient to terminate the lease. Of course, it is not necessary that any set words be used in such a notice. No special form is required. The notice, however, must be clear and intelligent and not ambiguous or optional. We think the notice in question meets all the requirements of the law. It advises the defendant

that the lease will be terminated on April 30, 1921, and that the notice is the sixty-day notice provided for in the lease. It is perfectly clear that the defendant knew the purpose of the notice. Nor do we think the effect of the notice was at all impaired by the addition of the words, "The rent will be the same as for the apartment above you." When this is taken in connection with the testimony of the defendant, it is clear that by these words plaintiff in effect stated to defendant that if defendant desired to occupy the apartment after April 30, 1921, he would be required to pay $175 per month, and this he refused to do. We have examined the authorities cited and a great many others (among them the case of *Ahearn v. Bellman,* 4 Exch. Div. 201, where the subject is treated at some length) but we think it would serve no useful purpose to discuss them. It is clear that the parties both understood the notice and also that if the defendant wished to occupy the premises after April 30, 1921, he would be required to pay the increased rent, which he refused to do. In these circumstances, of course, the lease was terminated, and the judgment for possession in favor of the plaintiff was right.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.